UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAWAZ AZIZ YATOOMA,

    Plaintiff,                               CIVIL ACTION NO. 14-12090

  v.                                      DISTRICT JUDGE MATTHEW LEITMAN
                                         MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on August 23, 2011, alleging that he had become disabled and unable to work on January 1, 2011, at age 46, due to heart and lung

disease as well as the residual effects from a stroke. Benefits were denied by the Social Security Administration. Plaintiff requested de novo hearing which was held on December 3, 2012, before Administrative Law Judge (ALJ) Patricia McKay. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work where he was able to avoid workplace hazards such as moving machinery and unprotected heights. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 48 years old at the time of the administrative hearing (TR 43). He had been graduated from high school, and had been employed as a cashier and party store laborer during the relevant past (TR 45). Claimant testified that he suffered a stroke in July 2011, and was unable to return to work (TR 47,51). Plaintiff asserted that he remained disabled as a result of a poor memory and an inability to concentrate (TR 50-56) . Other impairments which allegedly prevent him from returning to work include right sided weakness, chronic fatigue, an irregular heartbeat, and right hand numbness (TR 49-52, 57, 64). Claimant depended on family members to do all the household chores (TR 56). Medications proved ineffective, and made him to feel dizzy (TR 53, 60-61). He allegedly had to sit with his legs elevated (TR 59).

A Vocational Expert, Scott Silver, classified Plaintiff's past work as light to medium, unskilled activity (TR 67-68). The witness testified that there were no jobs for claimant to

perform if his testimony were fully accepted[1] (TR 74-80). If he were capable of light work, however, there were numerous unskilled clerical, inspection, bench assembly, hand packaging, parking lot attendant and locker room assistant jobs that he could perform with minimal vocational adjustment (TR 69-70, 73). These jobs only required the occasional climbing of stairs or ladders, but crouching, crawling, kneeling, stooping or bending would be minimized. There would be no requirement to work near dangerous machinery or unprotected heights (TR 73-74).

    **B.**    **ALJ's Findings**

The Administrative Law Judge found that Plaintiff was impaired as result of a history of rheumatic heart disease status post mitral valve replacement, a history of atrial fibrillation status post stroke in July 2011, and moderate obstructive airway disease. He did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The Law Judge recognized that claimant's multiple problems prevented him from performing jobs that required frequent climbing, crouching, crawling, kneeling, stooping and bending. The Law Judge also restricted claimant to jobs where he would not be exposed to unprotected heights or moving machinery. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs , as identified by the Vocational Expert (TR 14-21).

---

[1] The witness opined that, if claimant needed to elevate his legs on a regular basis, all work activity would be precluded (TR 82).

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

### D. Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional

capacity for a restricted range of light work free of workplace hazards, and that did not require frequent climbing, crouching, crawling, kneeling, stooping or bending. Contrary to Plaintiff's assertion, the medical evidence does not support his allegation of totally disabling functional limitations stemming from his multiple impairments. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

A review of the medical evidence demonstrates that Plaintiff did not suffer any disabling functional limitations, persisting for at least 12 continuous months, following his cerebral vascular accident (CVA) in July 2011, or the mitral valve replacement surgery performed three months later. Claimant did not experience ongoing problems with gait or balance following his CVA (TR 294, 316, 325, 430, 507). While Plaintiff did experience some weakness immediately after his CVA (TR 220), subsequent records show this problem resolved after a short period of time (TR 269, 281, 283, 288, 379, 389, 421, 449, 459, 463, 520, 557, 571, 580). Medical records, both before and after his stroke, do not corroborate the existence of ongoing right-sided pain (TR 281, 283, 284, 288, 291, 294, 298, 300, 379, 389, 421, 429, 449, 459, 463, 468, 502, 506, 511, 517, 520, 526, 539, 545, 548). Claimant did report some left shoulder discomfort in late 2011 (TR 551), but there is no indication that this condition remained a persistent problem.

Plaintiff's only active complaint in January 2012, was a recent onset of pain in both ears (TR 548), which one doctor attributed to ear wax buildup (TR 550). During two different physical examinations in January 2012, claimant reported no cardiac, musculoskeletal or neurological issues (TR 542, 545). Six months later, on July 23, 2012,

5

Plaintiff complained of sleeping problems and moderate fatigue. He denied experiencing any depression, and said that he was doing well without any affective symptoms (TR 489). Claimant's complaints of persistent dizziness were likewise contradicted by the record (TR 281, 283, 284, 369, 377, 379, 421, 449, 450, 468, 536, 560). In light of this evidence, I suggest that the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his history of stroke and mitral valve replacement were not fully credible.

Contrary to Plaintiff's assertion, there is no objective medical evidence suggesting that he needed to rest frequently throughout the day or elevate his legs when sitting. There is also a lack of medical evidence corroborating claimant's allegations of disabling fatigue, memory problems or inability to use his hands. There is no indication in the medical record that pain medications caused any side-effects. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to jobs that did not require frequent climbing, crouching, crawling, kneeling, stooping and bending. The Law Judge also restricted claimant to jobs where he would not be exposed to unprotected heights and moving machinery.

Plaintiff relies heavily upon the fact that a one time examiner, Dr. Saad Naamar, indicated that he did not have the capacity for sustained work (TR 432-433). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the Commissioner. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his

6

clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Dr. Naamar's one time evaluation did not qualify him as a treating physician. Moreover, the doctor offered little objective evidence during the relevant period to support his March 2012, statement of disability. Consequently, his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs

which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled clerical, inspection, bench assembly, hand packaging, parking lot attendant and locker room assistant jobs that he could perform with minimal vocational adjustment (TR 69-70, 73). These jobs only required the occasional climbing of stairs or ladders, but crouching, crawling, kneeling, stooping or bending would be minimized. There would be no requirement to work near moving machinery or unprotected heights (TR 73-74). Given the objective clinical findings found in the record, I suggest that there is substantial evidence on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir.

1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

     Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                               s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: May 18, 2015                           United States Magistrate Judge