UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAWAZ AZIZ YATOOMA,

      Plaintiff,                             Case No. 14-cv-12090
                                          Hon. Matthew F. Leitman

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #14); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #13); (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #12); AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #11)**

In this action, Plaintiff Fawaz Aziz Yatooma ("Yatooma") challenges the denial of his applications for Social Security disability insurance benefits and supplemental security income. On May 18, 2015, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which he recommended that this Court (1) grant summary judgment in favor of Defendant Commissioner of Social Security (the "Commissioner"), and (2) deny Yatooma summary judgment. (*See* ECF #14.) Yatooma has filed timely objections to the R&R ("the "Objections"). (*See* ECF #14.) The Court has now conducted a *de novo* review of the parts of the R&R to which Yatooma has objected. For the reasons stated below, the Court **OVERRULES** the Objections, **ADOPTS** the R&R as the

Opinion of this Court, **GRANTS** summary judgment to the Commissioner, and **DENIES** Yatooma summary judgment.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2011, Yatooma filed applications for Social Security disability insurance benefits and supplemental security income. (*See* ECF #8-5 at 2-12, Pg. ID 176-186.) Yatooma claimed that he became disabled in January 2011. (*See id.*) The Commissioner initially denied Yatooma's applications on February 2, 2012. (*See* ECF #13-4 at 2-9, Pg. ID 142-149.) Yatooma then requested a hearing before an Administrative Law Judge to review the Commissioner's decision. (*See id.* at 12-13, Pg. ID 152-153.)

Yatooma's hearing was held on December 3, 2012, before Administrative Law Judge Patricia S. McKay (the "ALJ"). (*See* hearing transcript, ECF #8-2 at 39-90, Pg. ID 65-116.) At that hearing, Yatooma testified about his work history, medical conditions, and why he believed he was unable to work. (*See id.*) Yatooma explained that he had a stroke which affected his memory and caused him to have weakness on his right side. (*See id.* at 51, Pg. ID 77; 57, Pg. ID 83.) Yatooma further complained of dizziness and fatigue, which he believed were side effects of a heart condition that previously required a valve replacement. (*See id.* at 53-54, 58-59; Pg. ID 79-80, 84-85.) Yatooma also said he needed to use a cane

to walk – though he did not have a cane with him at the hearing – and that he needed to frequently elevate his legs.  (*See id.* at 55, 60-61; Pg. ID 81, 86-87.)

When asked specifically why he was unable to work, Yatooma responded:

> Well, I can't lift more than five, 10 pound[s].  I can't walk that much because I get dizzy.  And I can't concentrate on something I want to do. [….] And that's my life, you know, I can't do anything.

(*Id.* at 54.)

Yatooma also provided medical documentation to the ALJ, including a questionnaire completed by Dr. Saad Naaman ("Dr. Naaman").  (*See* ECF #8-10 at 82-83, Pg. ID 467-468.)  Dr. Naaman examined Yatooma once in March 2012.  In the questionnaire, Dr. Naaman said that Yatooma suffered from fatigue, shortness of breath, and an unbalanced gait, and that Yatooma had symptoms that "frequently" interfered with his attention and concentration.  (*See id.* at 83, Pg. ID 468.)  Dr. Naaman concluded that Yatooma was "incapable" of holding even a "low stress" job.  (*Id.*)

On March 5, 2013, the ALJ determined that Yatooma was not disabled – and was thus not entitled to benefits – in a written decision (the "ALJ's Decision"). (*See* ECF #8-2 at 13-22, Pg. ID 39-48.)  The ALJ first determined that Yatooma did in fact suffer from a number of "severe impairments," including "a history of rheumatic heart disease post mitral valve valvotomy, a history of atrial fibrillation status post stroke in July 2011, and moderate obstructive airway disease." (*Id.* at

16-17, Pg. ID 41-42.)   But the ALJ then concluded that none of these "severe impairments" caused Yatooma to be disabled and prevented him from being able to perform "light work."   (*Id.* at 17-20, Pg. ID 43-46.)   The ALJ said that this determination was supported by the medical evidence in the record, the findings "of [Dr. Tariq Mahmood,] a physician who reviewed the record on behalf of the [Commissioner]," and "observation[s] made by a [Social Security Administration] employee during [a] face-to-face interview with [Yatooma] in August 2011." (*Id.* at 18-19, Pg. ID 44-45.)

In addition, the ALJ found that Yatooma "was not a fully credible witness," and "his testimony did not provide a credible basis" for concluding that Yatooma was as limited as he claimed.   (*Id.* at 17, Pg. ID 43.)   For example, the ALJ concluded that "[t]he medical record [] [did] not support [Yatooma's] allegations that his stroke has affected his memory and ability to read."   (*Id.*)   In addition, contrary to Yatooma's testimony, the ALJ found "nothing in the treatment record to indicate that [Yatooma] should have to elevate his legs when seated or that he requires the use of a cane to ambulate."   (*Id.*)   Moreover, the ALJ provided "no weight" to Dr. Naaman's conclusions because they were "not from a treating source" and were "not consistent with other objective evidence in the record."   (*Id.* at 18, Pg. ID 44.)   In sum, the ALJ, "[a]fter careful consideration of the evidence….[found] that [Yatooma's] medically determinable impairments could

4

reasonably be expected to cause [his] alleged symptoms; however, [Yatooma's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible…." (*Id.*) The ALJ thus determined that Yatooma had the residual functional capacity to perform some light work and was "not disabled." (*Id.* at 20-21, Pg. ID 46-47.)

After receiving the ALJ's Decision, Yatooma requested that the Social Security Administration's Appeals Council review the ALJ's Decision. (*See* ECF #8-2 at 8, Pg. ID 34.) On May 27, 2013, the Appeals Council declined to review the ALJ's Decision. (*See id.* at 2-4, Pg. ID 28-30.)

On May 27, 2014, Yatooma filed this action challenging the denial of benefits. (*See* Complaint, ECF #1.) Both Yatooma and the Commissioner filed cross-motions for summary judgment. (*See* Yatooma's Motion, ECF #11; Commissioner's Motion, ECF #13.) The Magistrate Judge then issued his R&R in which he recommended that the Court grant the Commissioner's Motion and deny Yatooma's Motion. (*See* ECF #13.) The Magistrate Judge reviewed the record and "suggest[ed] [to the Court] that there is substantial evidence on the record supporting the Commissioner's conclusion that [Yatooma] retained the residual functional capacity for a restricted range of light work…." (*Id.* at 4-5, Pg. ID 695-696." The Magistrate Judge further determined that "[t]he ALJ's [D]ecision was consistent with the specific limitations imposed by treating physicians," while "the

5

medical evidence [did] not support [Yatooma's] allegation of totally disabling functional limitations stemming from multiple impairments." (*Id.* at 5, Pg. ID 696.)   In sum, the Magistrate Judge concluded that the decision to deny Yatooma "benefits was within the range of discretion allowed by law and there [was] simply insufficient evidence for [the Magistrate Judge] to find otherwise." (*Id.* at 8, Pg. ID 699.)

Yatooma timely filed the Objections on May 28, 2015. (*See* ECF #14.)

## GOVERNING LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004).   This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).   Judicial review under this statute is limited:   the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).   Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  Furthermore, "[i]t is … for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247

## ANALYSIS

Yatooma has raised a number of challenges to the R&R.  The Court will now address each in turn.

Yatooma first argues that the Magistrate Judge erred when he affirmed the ALJ's conclusion that "there is substantial evidence on the record that [Yatooma] retained the residual functional capacity for a limited range of light work." (Objections at 1, Pg. ID 701.)  Yatooma insists that his "atrial fibrillation and post stroke symptoms prevent him" from being able to perform such work.  (*Id.* at 3, Pg. ID 703.)

The medical evidence in the record is, at best, equivocal as to whether Yatooma is suffering from the disabling symptoms he claims he experiences.  On one hand, Yatooma points to a May 15, 2012, examination where Yatooma's treating physician noted that Yatooma suffered from "fatigue, palpitations, m exercise intolerance, and dyspnea on exertion."   (ECF #8-10 at 109, Pg. ID 494.) Yatooma also identifies records from October and November of 2012 which document his complaints of dizziness, chest pain, and fatigue. (*See id.* at 478-479,

7

570-580, Pg. ID 513-14, 605-615.)  But on the other hand, there is other medical evidence in the record that supports the ALJ's determination that Yatooma did not consistently suffer from these symptoms and was not disabled by them.  For example, During a September 4, 2012, examination, Yatooma denied suffering from dizziness, fatigue, exercise intolerance, or leg pain.  (*See id.* at 99, Pg. ID 484.)  And during an October 18, 2012, examination, Yatooma was "in no apparent distress" despite a complaint of chest pain, was "oriented, alert, and cooperative," and had a "regular [heart] rate and rhythm."  (*Id.* at 128-129, Pg. ID 513-514.)

Based on the Court's review of the medical record, it finds no basis to disturb the ALJ's determination that Yatooma can perform a limited amount of light work.  The fact that there is some evidence in the record to support a conclusion that Yatooma is in fact disabled and unable to work does not change the Court's conclusion.  Indeed, if substantial evidence supports the Commissioner's decision – which it does in this case – then that decision "must be affirmed even if [the Court] would decide the matter differently and even if substantial evidence also supports the opposite conclusion."  *Cutlip*, 25 F.3d at 286 (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes ... a zone of choice within which the decisionmakers can go either way, without interference by the courts") (internal quotation marks omitted).  Moreover, the ALJ rested her decision

8

in part on Yatooma's credibility, and "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  The Court therefore overrules Yatooma's objection that the Magistrate Judge erred when he affirmed the ALJ's conclusion that Yatooms could perform some light work.

Yatooma next objects that the Magistrate Judge did not address his "argument that the state agency physician," Dr. Mahmood, "was a gynecologist[1], rather than a neurologist." (Objections at 6, Pg. ID 706.)  Yatooma further argues that the ALJ should not have provided significant weight to Dr. Mahmood's conclusions because "Dr. Mahmood did not evaluate [Yatooma] and merely reviewed the incomplete records of other physicians."  (*Id.* at 7, Pg. ID 707.)

While Yatooma is correct that the specialty of a non-treating consultant physician like Dr. Mahmood is relevant when assigning weight to that opinion, it is not dispositive. *See*  20 C.F.R. § 416.927(e)(2)(ii) (describing factors ALJ should consider when reviewing the findings of an agency medical consultant, including the doctor's specialty, "the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other

---

[1] The Commissioner contends that Dr. Mahmood's specialty is pediatrics, not gynecology.  (Commissioner's Mot. at 11, n.1, Pg. ID 685.)  This distinction, however, is not relevant to the Court's analysis above.

factors relevant to the weighing of the opinions"). And here, it appears from the totality of the ALJ's Decision that while the ALJ relied on Dr. Mahmood's opinions, she did not rely *solely* on them. Indeed, it appears the ALJ rested her decision on the record as a whole, which included her own review of the medical evidence, her credibility assessment of Yatooma, and an August 2011 face-to-face interview between Yatooma and an administration employee. Moreover, the ALJ did not accept Dr. Mahmood's opinions wholesale, nor did she accept those opinions when they conflicted with the other medical evidence in the record. In fact, while Dr. Mahmood "found that [Yatooma] has unlimited ability to balance," the ALJ rejected that finding. (ECF #8-2 at 19-20, Pg. ID 45-46.) Instead, the ALJ determined that Yatooma should "avoid workplace hazards such as working with moving machinery or at unprotected heights" given Yatooma's "established atrial fibrillation and history of stroke." (*Id.* at 20, Pg. ID 46.) And finally, Yatooma has not presented any evidence that Dr. Mahmood, regardless of his specialty, did not have sufficient medical knowledge to provide an opinion on Yatooma's medical condition.

Yatooma further appears to object to the fact that the ALJ provided "no weight" to the opinion of Dr. Naaman – the physician who examined Yatooma once in March 2012. (*See* Objections at 7-8, Pg. ID 707-708.) But the ALJ only disregarded Dr. Naaman's opinion after the ALJ concluded that it was "not

consistent with other objective evidence of record." (ECF #8-2 at 19, Pg. ID 45.) When a doctor's opinions conflict with the other medical evidence in the record, it is not inappropriate for an ALJ to wholly discount those opinions. *See, e.g., Steagall v. Comm'r of Soc. Sec.*, 596 Fed. App'x 377, 380 (6th Cir. 2015) (concluding that ALJ's "decision to give [medical] opinion no weight is supported by the record" where the "opinions were inconsistent with the findings of numerous other doctors and unsupported by the rest of [the plaintiff's] medical record"); *Hill v. Comm'r of Soc. Sec.*, 560 Fed. App'x 547, 550 (6th Cir. 2014) (same).

## <u>CONCLUSION</u>

For the reasons stated above, Yatooma has not provided any cognizable basis to disturb the ALJ's Decision. Accordingly, **IT IS HEREBY ORDERED** that

- The Magistrate Judge's May 18, 2015, R&R (ECF #13) is **ADOPTED** as the Opinion of the Court;

- Yatooma's May 28, 2015, Objections to the R&R (ECF #14) are **OVERRULED**;

- Yatooma's Motion for Summary Judgment (ECF #11) is **DENIED**; and

- The Commissioner's Motion for Summary Judgment (ECF #12) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 17, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

12